# United States Court of Appeals
# for the Fifth Circuit

---

No. 22-10347
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
March 30, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Koby Lee Sparks,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:21-CR-133-1

---

Before Davis, Duncan, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Koby Lee Sparks appeals his conviction for possession of a firearm after a felony conviction and possession with intent to distribute methamphetamine. He argues that the district court erred in denying his motion to suppress evidence seized during an encounter with police officers who were responding to a complaint that Sparks had caused a disturbance.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-10347

We assume, without deciding, that Sparks preserved the arguments he raises on appeal. *See United States v. Pope*, 467 F.3d 912, 918-19 & n.20 (5th Cir. 2006); *United States v. Rodriguez*, 602 F.3d 346, 361 (5th Cir. 2010). We review the district court's "factual findings for clear error and the ultimate constitutionality of law enforcement action de novo." *United States v. Robinson*, 741 F.3d 588, 594 (5th Cir. 2014).

Although Sparks argues that the police did not have probable cause to initially stop him as he was walking toward his vehicle, the officers did not need probable cause because they were conducting an investigatory stop, which required only reasonable suspicion that criminal activity was afoot. *See United States v. Sokolow*, 490 U.S. 1, 7 (1989); *United States v. Sanders*, 994 F.2d 200, 206 (5th Cir. 1993). Moreover, given that the police observed in plain view inside Sparks's vehicle an open beer container, an apparent marijuana joint, and a handgun stuffed between the passenger seat and the center console, they had reasonable suspicion that criminal activity was taking place, including a violation of former Texas Penal Code § 46.02(a-1). *See* Tex. Penal Code § 46.02(a-1) (effective Sept. 1, 2019); *United States v. Garza*, 727 F.3d 436, 440 (5th Cir. 2013). Sparks's contention that he qualified for an exemption to that statute does not change our conclusion, as the officers were not required to "rule out the possibility of innocent conduct" before stopping him. *United States v. Thomas*, 997 F.3d 603, 610 (5th Cir. 2021) (internal quotation marks and citation omitted), *cert. denied*, 142 S. Ct. 828 (2022).

AFFIRMED.